■ In the Matter of RICHARD E. DOLING, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [679 NYS2d 168] —Per Curiam. Respondent was admitted to practice in 1969 by this Court. He is employed full-time as a Hearing Officer by the New York State Department of Correctional Services and maintains a limited private practice out of his home in Albany County.

After a hearing, the Referee found that respondent had neglected a divorce matter and failed to refund a $650 fee to the client and failed to forward the file to her new attorney, as he had promised petitioner, the Committee on Professional Standards. Petitioner had previously issued a letter of admonition to respondent regarding the neglect. The Referee also sustained a charge of lack of cooperation with petitioner.

In December 1994, a retired couple hired respondent on a contingency basis to file a lawsuit against a privately run group home for injuries allegedly sustained by their adult autistic daughter and for allegedly false accusations made against them. The couple paid him a $5,000 retainer. In January 1997, the couple discharged respondent for lack of progress and requested a refund of their retainer. The Referee found that respondent had not neglected the matter, noting the unusual evidentiary difficulties the case posed. However, the Referee sustained the charge that respondent failed to return the unearned portion of his retainer. Respondent has made no refund and provided no documentation in support of his contention that he earned all of the fee. It does appear he conducted some investigation and research on behalf of his clients.

Petitioner advises that, since 1993, it has issued an oral admonition, two letters of admonition (including the letter noted above), and a letter of caution to respondent for similar misconduct. It also advises that respondent is in arrears in the payment of his biennial attorney registration fees (see, Judiciary Law § 468-a).

We confirm the Referee's report. We further conclude that respondent should be suspended from practice for a period of one year, but we stay the suspension upon condition that, within a period of thirty days from the date of this decision, respondent documents to this Court and to petitioner that he has paid all due and owing attorney registration fees; that he has refunded the $650 fee to his divorce client; and that he has made arrangements, in consultation with petitioner, to make an appropriate refund to the clients who requested a refund of their $5,000 retainer, said refund to be completed and documented to this Court and to petitioner no later than one year from the date of this decision. Upon meeting the above conditions, respondent may apply to this Court for termination of the suspension. Any application to terminate the suspension shall be served on petitioner, which may be heard thereon.

Mikoll, J. P., Mercure, Crew III, White, and Yesawich Jr., JJ., concur. Ordered that respondent is found guilty of the charges and specifications set forth in the petition, excepting charge I; and it is further ordered that the Referee's report is confirmed in its entirety and the motions by petitioner and respondent to confirm and disaffirm the report are granted accordingly; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately; and it is further ordered that the suspension imposed herein is stayed upon condition that, within 30

days from the date of this decision and order, respondent document to this Court and petitioner that he has paid all due and owing registration fees; that he has refunded the $650 fee to his divorce client; and that he has made arrangements, in consultation with petitioner, to make an appropriate refund to the clients who requested a refund of their $5,000 retainer, said refund to be completed and documented to this Court and to petitioner within one year of the date of this decision and order; and it is further ordered that, upon completion of said conditions, respondent may apply for termination of his suspension from practice, such application to be served on petitioner, which may be heard thereon.