■ In the Matter of ROBERT G. DAVIS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [703 NYS2d 576] Per Curiam. Respondent was admitted to practice by this Court in 1977. He maintains a law office in Hancock, Delaware County.

Based on respondent's admissions to a petition of charges, we find that his neglect of a personal injury matter led to its becoming time-barred, in violation of the attorney disciplinary rules (*see,* Code of Professional Responsibility DR 6-101 [a] [22 NYCRR 1200.30 (a)]). He then attempted to mislead his client and petitioner, the Committee on Professional Standards, as to the status of the matter (*see,* DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]). Finally, he attempted to thwart petitioner's inquiry by paying the client $6,000 to withdraw her inquiry, which she did (*see,* DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]). It appears the client did not want to settle her claim for less than that amount. Respondent also failed to advise his client to seek independent legal representation before agreeing to accept the $6,000 in settlement of his possible liability to his client for malpractice (*see,* DR 6-102 [a] [22 NYCRR 1200.31 (a)]).

Respondent has submitted letters from local attorneys and others evidencing his integrity and good personal and professional reputation. However, petitioner advises it issued respondent a letter of caution in 1988 and admonished him in 1992 for, among other things, threatening to commence a lawsuit against an attorney as a result of the attorney's reporting of a matter to petitioner.

In view of the circumstances, we conclude that respondent should be suspended for a period of one year. However, we stay said suspension upon condition that respondent comply with the statutes and rules regulating attorney conduct, that he not be the subject of any further disciplinary action, proceeding or application by petitioner (*see, Matter of Dudley*, 262 AD2d 864) and that, during the period of suspension, he completes six credit hours of accredited continuing legal education in ethics and professionalism in addition to the accredited continuing legal education required of all attorneys (*see*, 22 NYCRR part 1500). Respondent shall report said completion to petitioner.

Cardona, P. J., Mercure, Crew III, Peters and Graffeo, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in the petition, except that portion of specification (3) of charge IV withdrawn by petitioner; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, which suspension is hereby stayed upon condition that respondent comply with the statutes and rules regulating attorney conduct, that he not be the subject of any further disciplinary action, proceeding or application commenced by petitioner and that, during the period of suspension, he completes six credit hours of continuing legal education in ethics and professionalism in addition to the accredited continuing legal education required of all attorneys (*see*, 22 NYCRR part 1500); and it is further ordered that respondent may apply to terminate the suspension after one year from the date of this order, which application shall be served upon petitioner, which shall inquire into the merits of, and may be heard upon, such application.