■ In the Matter of KEVIN R. HALL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [759 NYS2d

900] —Per Curiam. Respondent was admitted to practice by this Court in 1993. He maintains an office for the practice of law in the Town of Kinderhook, Columbia County.

Petitioner moves for an order confirming the report of a Referee filed after a hearing to the extent that the report sustained charges, and disaffirming that portion of the report that did not sustain charges. In opposition to the motion, respondent argues that various charges should be dismissed, but he also admits the facts of some charges.

We find respondent guilty of the following professional misconduct in violation of this Court's attorney disciplinary rules. Respondent issued two checks against insufficient funds from his attorney escrow account (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (5), (7); 1200.46]), failed to maintain complete records of his clients' funds (*see* DR 9-102 [c], [d] [22 NYCRR 1200.46 (c), (d)]), made three cash withdrawals from his attorney escrow account (*see* DR 9-102 [e] [22 NYCRR 1200.46 (e)]), failed to communicate with a client for a period of time (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failed to comply with the attorney registration requirements (*see* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]; *see also* Judiciary Law § 468-a; 22 NYCRR part 118), failed to timely pay a stenographer (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), and failed in his duty to promptly and fully cooperate with petitioner (*see* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). None of the charges sustained alleges that respondent engaged in dishonest conduct.

Having heard respondent in mitigation, but also noting that respondent's misconduct is aggravated by prior discipline imposed by petitioner, we conclude that respondent should be suspended from practice for a period of one year and until further order of this Court. However, we stay the suspension upon condition that respondent comply with the attorney registration requirements within 30 days, that he comply with the statutes and rules regulating attorney conduct, that he not be the subject of any further disciplinary action and that, during the period of suspension, he completes six credit hours of accredited continuing legal education in ethics and professionalism in addition to the accredited continuing legal education required of all attorneys (*see* 22 NYCRR part 1500). Respondent shall report his compliance with the attorney registration requirements and his completion of the additional continuing legal education to petitioner. After expiration of the one-year suspension period, respondent may apply for termination of

the suspension. Such application shall be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination during the suspension period. The application shall be served upon petitioner, which may be heard thereon (*see e.g. Matter of Hickey*, 305 AD2d 931 [2003]; *Matter of Davis*, 269 AD2d 732 [2000]; *Matter of Doling*, 254 AD2d 620 [1998]).

Crew III, J.P., Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in Charges II (specifications 1 and 3), V, VI, VII, VIII, IX and X of the petition; and it is further ordered that petitioner's motion to confirm the Referee's report in part and to disaffirm the Referee's report in part is granted and denied in accordance with the findings herein; and it is further ordered that respondent is suspended from practice for a period of one year, effective immediately and until further order of this Court, which suspension is stayed upon the conditions and terms set forth in this decision.