■ In the Matter of KEVIN R. HALL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [782 NYS2d 147]—

Per Curiam. Respondent was admitted to practice by this Court in 1993. He maintains an office for the practice of law in the Town of Kinderhook, Columbia County.

We grant petitioner's motion to confirm a Referee's report which found respondent guilty of professional misconduct in violation of the attorney disciplinary rules (*see* 22 NYCRR part 1200). During the course of representing his client in custody, visitation and divorce proceedings in Columbia County Family Court and then in Supreme Court, respondent left vulgar voice mail messages on the answering machine of the Law Guardian representing his client's children (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 7-102 [22 NYCRR 1200.3 (a) (5), (7); 1200.33]), communicated with his client's spouse directly by telephone despite being advised by the spouse's attorney that all communications should be directed to that attorney (*see* DR 7-104 [a] [22 NYCRR 1200.35 (a)]), and entered into a sexual relationship with his client during the course of his representation of her, failing to discontinue employment after his professional judgment was affected by his own personal interest (*see* DR 5-101 [a]; DR 5-111 [b] [3] [22 NYCRR 1200.20 (a); 1200.29-a (b) (3)]).

Respondent's professional misconduct is aggravated by his disciplinary record. By decision dated June 6, 2003, this Court found respondent guilty of professional misconduct and imposed a suspension from practice for a period of one year and until further order of this Court (*Matter of Hall*, 306 AD2d 619 [2003]). However, the suspension was stayed on various conditions, including that respondent comply with the statutes and rules regulating attorney conduct and that he not be the subject of any further disciplinary action. In view of the instant petition dated December 10, 2003, which charges misconduct postdating our June 2003 decision, we grant petitioner's cross motion to vacate the stay of respondent's suspension, effective in 20 days. Further, in view of the serious nature of the instant charges and respondent's disciplinary record, we suspend respondent from the practice of law for a period of three years, also effective in 20 days. Finally, we deny respondent's motions for extensions of time to comply with the conditions and terms of our June 2003 decision. We have, however, accepted for filing and

considered his late papers in support of his motion to disaffirm the Referee's report.

Spain, J.P., Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent is found guilty of the professional misconduct set forth in Charge I, Charge II, specification 1, and Charge III, specifications 1 and 2, of the petition; and it is further ordered that petitioner's cross motion to vacate the stay of respondent's suspension set forth in this Court's June 6, 2003 decision is granted and the stay is vacated, effective 20 days from the date of this decision; and it is further ordered that respondent is suspended from the practice of law for a period of three years, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that respondent's motion for extensions of time, set forth in his motion dated June 28, 2004, is denied, except to the extent that the Court has accepted for filing and considered his papers in support of his motion to disaffirm the Referee's report; and it is further ordered that respondent, while so suspended, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).