■ In the Matter of KEVIN R. HALL, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [854 NYS2d 580]—

Per Curiam. Respondent was admitted to practice by this Court in 1993. He maintained an office for the practice of law in the Town of Kinderhook, Columbia County. He is currently suspended from practice (*Matter of Hall*, 10 AD3d 842 [2004], *lv denied* 4 NY3d 702 [2004]).

Petitioner moves to confirm a Referee's report issued after a hearing which sustained the allegations set forth in the petition of charges. Respondent has submitted an affidavit to confirm in part and disaffirm in part the Referee's report and in support of his reinstatement to practice.

Respondent is guilty of serious professional misconduct. As charged in the petition, he engaged in the unauthorized practice of law in contravention of this Court's 2004 order of suspension and the November 2004 reciprocal order of suspension issued by the United States District Court for the Northern District of New York (*see* Judiciary Law § 90 [2]; §§ 478, 484, 486; Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 3-101 [b] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.16 (b)]; 22 NYCRR 806.9). We find without merit respondent's arguments set forth in his answer to the petition and in response to the Referee's report, including his supplemental papers.

Petitioner cites respondent's disciplinary record in aggravation of his professional misconduct. In June 2003, this Court suspended respondent from practice for one year, but stayed the suspension upon conditions (*Matter of Hall*, 306 AD2d 619 [2003]). In September 2004, we suspended respondent from practice for a period of three years, which suspension continues to date (*Matter of Hall*, 10 AD3d 842 [2004], *supra*). In addition, petitioner orally admonished respondent in 1998 and issued letters of admonition to him in 2000, 2002 and 2005.

We conclude that to protect the public, deter similar misconduct, and preserve the reputation of the bar, respondent should be disbarred.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur.

Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that, to the extent respondent moves to disaffirm the Referee's report and for reinstatement to practice, the motions are denied; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).