Per Curiam.
Respondent was admitted to practice by this Court in 1977. He maintains an office for the practice of law in the Town of Hancock, Delaware County.
The issues raised by a petition of charges and respondent’s answer were referred to a Referee, who held a hearing and issued a report sustaining certain charges {see 22 NYCRR 806.5). Petitioner and respondent each move to confirm the report in part and to disaffirm it in part. We grant and deny the motion and cross motion in accordance with our conclusions as set forth in this decision.
The Referee found, and we agree, that, in violation of the former Code of Professional Responsibility and the Rules of Professional Conduct,* respondent neglected a matrimonial matter (see former Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]), attempted to mislead and deceive the client as to the status of her matter (see Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [c], [d], [h]) and improperly withdrew from *1185 representation of the client to the detriment of the client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [d]).
With respect to respondent’s representation of a corporate client in two related construction litigation matters commenced by the Riordan Group, LLC and Pierce Excavation, LLC, we concur with the Referee’s findings that, with respect to the Pierce litigation, respondent neglected client matters (see former Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]), attempted to mislead and deceive the client as to the status of the matters (see former Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]; Rules of Professional Conduct [22 NYCRR 1200.0] rules 8.4 [c], [d], [h]), failed to comply with customs of courtesy and practice (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3 [f] [1]), and improperly attempted to withdraw from representation of a client without permission of the court and to the detriment of the client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [d]).
In aggravation of respondent’s misconduct, we note that petitioner issued a letter of caution to respondent in 1988 and orally admonished him in 1992. Further, in 2000, this Court suspended respondent from the practice of law for a period of one year, stayed with conditions, for similar misconduct (Matter of Davis, 269 AD2d 732 [2000]).
We have heard respondent in mitigation. Under all of the circumstances presented, we conclude that, in order to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of one year.
Lahtinen, J.P, Stein, Garry and Egan Jr., JJ., concur. Ordered that respondent is found guilty of the professional misconduct as charged and specified in the petition of charges as set forth in charge I, specifications 1 and 2 (as it relates to the Pierce Excavation, LLC matter); charge II, specifications 1 and 2 (as it relates to the Pierce Excavation, LLC matter); charge III, specification 2; and charge I\( specifications 1 and 2 (as it relates to the Pierce Excavation, LLC matter); and it is further ordered that petitioner’s motion to confirm in part and disaffirm in part the Referee’s report is granted and denied in accordance with the findings in this decision; and it is further ordered that respondent’s cross motion to confirm in part and disaffirm in part the Referee’s report is granted and denied in *1186 accordance with the findings in this decision; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).

 The alleged misconduct occurred prior to and after April 1, 2009, the effective date of the Rules of Professional Conduct.