*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    D-46-15
_____

In the Matter of TATIANA G.
    FILIMONOVA-POLEY, a
    Suspended Attorney.

COMMITTEE ON PROFESSIONAL                 MEMORANDUM AND ORDER
    STANDARDS,
                    Petitioner;

TATIANA G. FILIMONOVA-POLEY,
                    Respondent.

(Attorney Registration No. 2951994)
_____


Calendar Date:  May 11, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                    _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael G. Gaynor of counsel), for petitioner.

        Tatiana G. Filimonova-Poley, Tenafly, New Jersey,
respondent pro se.

                    _____


Per Curiam.

        Respondent was admitted to practice by this Court in 1999
after being admitted in New Jersey in 1998.  She currently
resides in New Jersey.

        By decision of this Court entered September 24, 2009,
respondent was suspended from the practice of law, effective
October 24, 2009, due to her failure to comply with attorney
registration requirements since 2001 (see Matter of Attorneys in

<u>Violation of Judiciary Law § 468-a</u>, 65 AD3d 1447, 1457 [2009]). She remains so suspended. By petition of charges dated November 10, 2014, and served upon respondent in compliance with the rules of this Court, respondent was charged with, among other things, engaging in the unauthorized practice of law, which conduct was prejudicial to the administration of justice and adversely reflected on her fitness as an attorney. These allegations stemmed from respondent's repeated appearances in 2013 as defense counsel in a criminal matter before Supreme Court (Lopez, J.) in Kings County, where she represented that she was an attorney in good standing in this state in contravention of this Court's order of suspension.

Following respondent's failure to answer the petition of charges, petitioner moved for a default judgment, which motion respondent opposed. Subsequently, by confidential order dated June 4, 2015, this Court granted petitioner's motion to the extent of finding respondent guilty of violating Rules of Professional Conduct (22 NYCRR 1200.0) rules 5.5 (a) and 8.4 (d) and (h) and directing that respondent could be heard in mitigation.

Now, with respondent having offered no submissions in mitigation, we conclude that, under the circumstances presented, and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be disbarred (see <u>Matter of Hall</u>, 49 AD3d 1146, 1146 [2008]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see Rules of the App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court