*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015                    D-59-15
_____

In the Matter of ANDREW H.
   BEATTY, an Attorney.

COMMITTEE ON PROFESSIONAL                    MEMORANDUM AND ORDER
   STANDARDS,
                    Petitioner;

ANDREW H. BEATTY,
                    Respondent.

(Attorney Registration No. 2506699)
_____


Calendar Date:  July 13, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.


                    _____


     Monica A. Duffy, Committee on Professional Standards,
Albany (Michael G. Gaynor of counsel), for petitioner.


                    _____


Per Curiam.

     Respondent was admitted to practice by the First Department
in 1991 and most recently practiced law in Ulster County.
Respondent currently resides in North Carolina.

     By petition of charges sworn to January 28, 2015 and duly
served upon respondent in compliance with the rules of this
Court, petitioner set forth eight charges with specifications.
Specifically, the petition alleges that respondent neglected
client matters (see Rules of Professional Conduct [22 NYCRR
1200.0] rule 1.3 [b]), failed to communicate with clients (see
Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4), failed
to deliver requested files and/or documents belonging to his

clients (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]), engaged in conduct prejudicial to the administration of justice that adversely reflected on his fitness as an attorney by, among other things, issuing checks returned due to insufficient funds (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d], [h]), failed to cooperate with petitioner's investigation (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]), abandoned his representation of clients without seeking permission to withdraw (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [d]), converted client funds (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [a]; 8.4 [c], [d], [h]) and failed to comply with attorney registration requirements as set forth in Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent failed to answer the petition. Thereafter, petitioner effected personal service of the petition upon respondent in North Carolina on March 26, 2015. Respondent was given until April 15, 2015 to submit an answer; none was received.

Petitioner now moves for a default judgment. Respondent has not replied or responded to that motion, despite the fact that it was personally served upon him in compliance with this Court's rules. Clearly, respondent's failure to answer the petition or appear in response to this motion "is tantamount to an admission of the charges" (Matter of Courtney, 123 AD3d 1418, 1418 [2014]). Based upon such admission and the proof submitted by petitioner in support of its default judgment motion, we grant petitioner's motion and find respondent guilty of the professional misconduct charged and specified in the petition (see e.g. Matter of Morisseau, 117 AD3d 1168, 1168 [2014]; Matter of Teitelbaum, 100 AD3d 1142, 1143 [2012]).

Turning to the appropriate sanction, we are especially mindful of the demonstrated harm caused by respondent's abandonment of several clients in the midst of his representation and his retention of their files and unearned legal fees. Respondent's failure to respond to petitioner's inquiries indicates contempt for the disciplinary process, and his failure to respond to both the petition of charges and the subject motion

seeking a default judgment demonstrates a disregard for his fate as an attorney (see Matter of Teitelbaum, 100 AD3d at 1143). Accordingly, upon consideration of all the relevant circumstances presented, we conclude that disbarment is an appropriate disciplinary sanction "in order to protect the public, deter similar conduct and preserve the reputation of the bar" (Matter of Morisseau, 117 AD3d at 1168-1169; see Matter of Filimonova-Poley, ___ AD3d ___, ___, 11 NYS3d 887, 888 [2015]; Matter of Van Benschoten, 118 AD3d 1219, 1220 [2014]).

Lahtinen, J.P., McCarthy, Garry and Lynch, JJ., concur.

ORDERED that petitioner's motion for a default judgment is granted; and it is further

ORDERED that respondent is found guilty of the professional misconduct set forth in the petition of charges; and it is further ordered

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).


ENTER:

Robert D. Mayberger
Clerk of the Court