Matter of Brownell (2018 NY Slip Op 05400)





Matter of Brownell


2018 NY Slip Op 05400


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]In the Matter of GLEN W. BROWNELL, an Attorney. ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; GLEN W. BROWNELL, Respondent. (Attorney Registration No. 1973387)

Calendar Date: June 11, 2018

Before: Egan Jr., J.P., Lynch, Devine, Mulvey, and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1985. He currently maintains an office for the practice of law in the City of Schenectady, Schenectady County.
By petition of charges dated November 13, 2017 and duly served upon respondent in compliance with the rules of this Court, petitioner set forth three charges of professional misconduct alleging that respondent violated five separate disciplinary rules with respect to his representation of a client seeking to file an application for relief from civil disabilities (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3
[a], [b]; 1.4 [a] [3], [4]; 8.4 [d]). The petition alleges that, after accepting a fee from the client to perform the assigned work, respondent failed to promptly respond to the client and diligently provide the promised services, failed to keep the client reasonably informed as to the status of the case and engaged in conduct prejudicial to the administration of justice. Significantly, despite his receipt of service of the subject petition, respondent failed to file an answer thereto.
Petitioner now moves for a default judgment. Respondent has not replied or responded to the instant motion, despite the fact that it too was served upon him in compliance with this Court's rules (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]). Under the circumstances, we must conclude that respondent's failure to answer the petition or appear in response to this motion "is tantamount to an admission of the charges" (Matter of Courtney, 123 [*2]AD3d 1418, 1418 [2014]). Based upon such admission and the proof submitted by petitioner in support of its default judgment motion, we grant petitioner's motion and find respondent guilty of the professional misconduct charged and specified in the November 2017 petition (see e.g. Matter of Beatty, 131 AD3d 763, 764 [2015]; Matter of Morisseau, 117 AD3d 1168, 1168 [2014).
Turning to the appropriate sanction for respondent's professional misconduct, we note that, despite respondent's failure to appear on the subject motion, we have nevertheless reviewed prior submissions that he has filed describing various mitigating circumstances. We also have heard from petitioner and have considered the aggravating factors presented by, among other things, respondent's disciplinary history, which includes five letters of admonition and a letter of caution (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.4 [c] [1] [iii])[FN1]. Accordingly, upon our review of all of the circumstances, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent should be suspended from the practice of law for a period of 90 days, effective 30 days from the date of this decision (see e.g. Matter of Morin, 131 AD3d 799, 799-800 [2015]).
Egan Jr., J.P., Lynch, Devine, Mulvey, and Aarons, JJ., concur.
ORDERED that petitioner's motion for a default judgment is granted; and it is further
ORDERED that respondent is found guilty of the professional misconduct set forth in the petition of charges dated November 13, 2017; and it is further
ORDERED that respondent is suspended from the practice of law for 90 days, effective August 19, 2018, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: It is also noted that respondent is presently delinquent in his attorney registration obligations (see Judiciary Law § 468-a; Rules of the Chief Administrator of the Courts [22 NYCRR] § 118.1), having last registered for the 2015-2016 biennial cycle.