(February 16, 2001)

■ In the Matter of PAUL G. MADISON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [721 NYS2d 150] —Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintains an office for the practice of law in the Town of Stamford, Delaware County.

Having issued an order declaring that no factual issues were raised by the petition and answer in this matter and having heard respondent in mitigation, we now find that respondent failed to deposit funds entrusted to him on behalf of a client into an identifiable attorney escrow account and that he has been unable to fully account for or produce relevant records regarding the funds, in violation of this Court's attorney disciplinary rules (*see,* Code of Professional Responsibility DR 9-102 [22 NYCRR 1200.46]). While respondent is not charged with conversion of the funds or dishonest conduct and no complaint regarding the funds was made to petitioner until almost seven years after the funds were entrusted to respondent, we note that he failed to give petitioner his full and prompt cooperation (*see,* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

In addition, respondent's attorney escrow account was not properly titled (*see,* DR 9-102 [b] [2] [22 NYCRR 1200.46 (b) (2)]) and was not maintained as an IOLA account or an interest-bearing account for the deposit of funds on behalf of clients or others (*see,* Judiciary Law § 497; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]). Respondent states that the account is now properly titled and maintained.

As an aggravating circumstance, petitioner advises that,

since 1992, it has issued several private admonishments to respondent.

In view of the above, we conclude that respondent should be suspended from practice for a period of two years, but we stay the suspension upon conditions that (1) he not be the subject of any further disciplinary action, proceeding or application by petitioner arising from his prospective conduct, and (2) he submits to petitioner quarterly reports by a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the attorney disciplinary rules (*see*, 22 NYCRR part 1200). Any failure to meet these conditions shall be reported by petitioner to this Court. After expiration of the two-year suspension period, respondent may apply to this Court for termination thereof. Such application shall be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period. Any application to terminate the suspension period shall be served upon petitioner, which may be heard thereon (*see, e.g., Matter of Croak*, 277 AD2d 871; *Matter of Davis*, 269 AD2d 732).

Mercure, J. P., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from practice for a period of two years, effective immediately and until further order of the Court, which suspension is stayed upon the conditions and terms set forth in this Court's decision.