(May 16, 2001)

■ In the Matter of JOHN E. ABER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [724 NYS2d 539] —Per Curiam. Respondent was admitted to practice by this Court in 1977. He maintains an office for the practice of law in the Town of Malone, Franklin County.

Petitioner charged respondent with violating attorney disciplinary rules by entering into a sexual relationship with his client while representing her in a matrimonial action (see, Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 5-101, DR 5-102, DR 5-111 [b] [3]; DR 7-101 [a] [3] [22 NYCRR 1200.3 (a) (5), (7), 1200.20, 1200.21, 1200.29-a (b) (3); 1200.32 (a) (3)]; Matter of Rudnick, 177 AD2d 121; Matter of Bowen, 150 AD2d 905, lv denied 74 NY2d 610), prejudicing or damaging the client's case during the course of the professional relationship (DR 7-101 [a] [3] [22 NYCRR 1200.32 (a) (3)]) by threatening to reveal confidences and secrets gained in that relationship (see, DR 4-101 [22 NYCRR 1200.19]) and attempting to mislead petitioner (see, DR 1-102 [a] [4] [22 NYCRR 1200.3 (a) (4)]). Respondent was also charged with engaging in illegal conduct that adversely reflected on his honesty, trustworthiness or fitness as a lawyer (see, DR 1-102 [a] [3], [7] [22 NYCRR 1200.3 (a) (3), (7)]). This charge arose from his conviction for aggravated harassment in the second degree, a class A misdemeanor (see, Penal Law § 240.30 [1]), which was based upon his victimization of the client.

Respondent neither answered the petition nor replied to petitioner's subsequent motion for a default judgment, both of which were personally served upon him. Petitioner has submitted proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, respondent is deemed to have admitted the charges and, accordingly, we grant petitioner's motion (see, e.g., Matter of Petrolawicz, 228 AD2d 1005).

Having heard respondent in mitigation (see, 22 NYCRR 806.5), and mindful of his previously unblemished record, we, nevertheless, conclude that he should be suspended from practice for a period of six months.

Cardona, P. J., Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from practice for a period of six months, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see, 22 NYCRR 806.9).