(May 14, 2002)

■ In the Matter of PAUL G. MADISON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [741 NYS2d 745] —Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintains an office for the practice of law in the Town of Stamford, Delaware County.

On February 16, 2001, this Court suspended respondent from

practice for a period of two years but stayed the suspension upon conditions that (1) respondent not be the subject of any further disciplinary action, proceeding or application by petitioner arising from his prospective conduct, and (2) respondent submit to petitioner quarterly reports by a Certified Public Accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the attorney disciplinary rules (*Matter of Madison*, 280 AD2d 873).

On March 12, 2002, petitioner issued a letter of admonition to respondent. According to the letter, respondent failed to appear on behalf of his client at a court scheduled hearing in a child neglect proceeding. As a consequence, the judge sanctioned respondent $500, which he paid, albeit late. The letter of admonition stated that respondent's conduct violated the Code of Professional Responsibility (*see*, DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

In another matter, respondent did not appear on behalf of a matrimonial client at a preliminary conference scheduled for September 12, 2001, and failed to provide timely notice of his inability to attend. The judge ordered respondent to pay $412.50 in counsel fees.

In addition, respondent's compliance with the CPA reporting requirement has been marred by late reports submitted after letters by petitioner to this Court advising that respondent was not in compliance.

In view of the above, we grant petitioner's motion for an order vacating the stay of respondent's suspension and we suspend respondent from practice for the remaining period of his two-year suspension and until further order of this Court (*see, e.g., Matter of Dudley*, 282 AD2d 867).

Mercure, J.P., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted and the stay of respondent's suspension is vacated, effective 20 days from the date of this decision; and it is further ordered that respondent is suspended from practice, effective 20 days from the date of this decision, until February 16, 2003, and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that re-

spondent shall comply with the provisions of this Court's rules (*see,* 22 NYCRR 806.9) regulating the conduct of suspended attorneys.