■   In the Matter of CHERYL PARSONS REUL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [786 NYS2d 922]—

Per Curiam. Respondent was admitted to practice by this Court in 1987 and maintains a law office in Schoharie County.

Petitioner commenced this disciplinary proceeding against respondent charging her with issuing checks against insufficient funds from her escrow account (*see* 22 NYCRR 1200.3 [a] [5], [7]; 1200.46), failing to deposit client funds into an identifiable attorney escrow account (*see* 22 NYCRR 1200.46 [b] [1]), converting funds received on behalf of clients and third parties (*see* 22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [a]), commingling personal funds with funds of her clients (*see* 22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [a]), making cash withdrawals and issuing payments to cash out of her attorney escrow account (*see* 22 NYCRR 1200.46 [e]), failing to maintain complete and accurate records for her attorney escrow account (22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [c], [d]), failing to produce escrow account records (*see* 22 NYCRR 1200.46 [i]), failing to provide a divorce client with a statement of client's rights and responsibilities (*see* 22 NYCRR 1200.3 [a] [5]; 1200.11 [f]; part 1400), and failing to cooperate with petitioner (*see* 22 NYCRR 1200.3 [a] [5], [7]). Respondent has admitted the charges and has been heard in mitigation.

We note that petitioner has not charged respondent with

violating 22 NYCRR 1200.3 (a) (4), which would require a finding that respondent's misconduct was motivated by venal intent (*see e.g. Matter of Mann,* 284 AD2d 719 [2001]). Respondent's misconduct was the result of inadvertence and sloppy bookkeeping, aggravated by serious health problems and lack of sufficient support staff at her law office. It appears that none of respondent's clients has suffered a loss as a result of her actions.

Under the circumstances, we conclude that respondent should be suspended from practice for a period of two years, effective immediately and until further order of this Court. However, we stay the suspension on condition that respondent provide petitioner with a full accounting of her clients' funds from her closed escrow account and that respondent submit to petitioner quarterly reports by a certified public accountant confirming that she is maintaining her escrow account and preserving client funds in accordance with the applicable provisions of the attorney disciplinary rules (*see* 22 NYCRR part 1200). Petitioner shall report any failure to meet said conditions to this Court. After expiration of the two-year suspension, respondent may apply to this Court for termination of the suspension. Any such application must be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period and must be served upon petitioner, which may be heard thereon.

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that respondent is found guilty of the charges set forth in the petition, and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.