■ In the Matter of Vijay M. Gokhale, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [822 NYS2d 320]—

Per Curiam. Respondent was admitted to practice by this Court in 1983 and maintains a law office in Hicksville, Nassau County. He was also admitted to practice in New Jersey in 1983.

The Supreme Court of New Jersey, by order dated April 28, 2006 (186 NJ 459, 896 A2d 472 [2006]), suspended respondent from the practice of law for a period of one year and until further order of the court, effective September 18, 2003 (177 NJ 521, 821 A2d 552 [2003]), the date the court had temporarily suspended respondent from practice. The New Jersey disciplinary authorities found that respondent was guilty of several counts of professional misconduct including gross neglect, lack of diligence, failure to promptly pay funds to third parties, record-keeping violations, failure to withdraw from representation, failure to cooperate with disciplinary authorities, criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer, conduct prejudicial to the administration of justice, and failure to comply with rules regulating the conduct of suspended attorneys. As a condition of reinstatement in New Jersey, respondent must account for and properly disburse client funds remaining in his trust account. It appears that respondent has not yet applied for reinstatement in New Jersey.

Petitioner moves for an order imposing reciprocal discipline (*see* 22 NYCRR 806.19). Respondent has filed an affidavit in opposition and was heard in mitigation.

We note that the Supreme Court of New Jersey determined that respondent had no venal intent and was suffering from certain personal illnesses and family problems at the time the original charges arose. We further note that no client funds were misappropriated or lost and all the funds in question remain in respondent's escrow account awaiting determination of the amount to be paid to his clients.

We grant petitioner's motion and conclude that the interests of justice will be served by suspending respondent from practice in this state for a period of one year. However, we stay the suspension on the conditions that (1) respondent submit proof to petitioner, within 90 days of the date of this decision, that he has accounted for and properly disbursed the client funds remaining in his trust account as required as a condition of his reinstatement in New Jersey (*see e.g. Matter of Reul*, 13 AD3d 800 [2004]), and (2) he not be the subject of professional discipline in this state during the period of stayed suspension (*see e.g. Matter of Hall*, 306 AD2d 619 [2003]). Upon respondent's compliance with the above conditions, he may apply to terminate the stayed suspension. Any such application shall be served

upon petitioner, which may be heard thereon. We direct petitioner to report a failure to meet either of the above conditions to this Court.

Cardona, P.J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion for reciprocal discipline is granted; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.