■ In the Matter of VIJAY M. GOKHALE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [830 NYS2d 790]—

Per Curiam. Respondent was admitted to practice by this Court in 1983 and maintains a law office in Hicksville, Nassau County.

By decision entered October 5, 2006, this Court granted petitioner's motion for reciprocal discipline and suspended respondent for a period of one year and until further order of this Court (*Matter of Gokhale*, 33 AD3d 1038 [2006]). However, the decision stayed the suspension upon condition that respondent submit proof to petitioner, within 90 days of the date of the decision, that he has accounted for and properly disbursed the client funds remaining in his trust account as required as a condition of his reinstatement in New Jersey. Respondent has failed

to submit such proof to petitioner regarding the required accounting and disbursement. Petitioner has now applied for an order vacating the stay of respondent's suspension and suspending him from practice. Respondent moves for an extension of the stayed suspension for an additional 30 days.

We find that respondent offers no reasonable excuse for his failure to comply with the condition of said stayed suspension. Therefore, we deny respondent's motion for an extension and grant petitioner's application to vacate the stay of his suspension and suspend him from practice for one year, effective as of January 4, 2007, and until further order of this Court.

Cardona, P.J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that respondent's motion for an extension of the stayed suspension is denied; and it is further ordered that petitioner's application for final unconditional order of suspension is granted; and it is further ordered that the stay of respondent's suspension is vacated and he is suspended for one year, effective as of January 4, 2007, and until further order of the Court; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).