In the Matter of CHERYL PARSONS REUL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [867 NYS2d 714]—

**Per Curiam.** 

By decision dated December 9, 2004, respondent was suspended for two years, which suspension was stayed upon condition that respondent provide petitioner with a full accounting of her clients' funds from her closed escrow account, submit to petitioner quarterly reports by a certified public accountant confirming that she is maintaining her new escrow account in accordance with the applicable provisions of the attorney disciplinary rules, and submit proof that she has taken and passed the Multistate Professional Responsibility Examination within the suspension period (*Matter of Reul*, 13 AD3d 800 [2004]).

By decision dated November 15, 2007, this Court denied respondent's application to terminate her stayed suspension, without prejudice to renewal in one year (*Matter of Reul*, 45 AD3d 1106 [2007]). Thereafter, by decision dated July 3, 2008, petitioner's motion to vacate the stay of respondent's suspension was denied (*Matter of Reul*, 53 AD3d 771 [2008]).

Petitioner now moves to vacate the stay of respondent's suspension again alleging that respondent is not properly maintaining her escrow account. In support of the motion, petitioner cites its notification by the Lawyers' Fund for Client Protection advising of two overdrafts in respondent's escrow account. Both overdrafts resulted from the deposit of a client's retainer check into respondent's escrow account, which check was returned for insufficient funds in the client's account. Within days the client's check was redeposited and the overdrafts remedied. No conversion of client funds is alleged. Respondent opposes the motion.

Under the circumstances presented, we conclude that the escrow account transgressions set forth are not of such a degree as to warrant respondent's suspension from the practice of law, and we therefore deny petitioner's motion. However, we further conclude that respondent's stayed suspension should be extended for one year from the date of this decision and that she shall continue to submit, in a timely manner, quarterly accountant reports to petitioner as previously required. Addition-

ally, within 90 days of the date of this decision, respondent shall file proof with petitioner of having completed a continuing legal education course pertaining exclusively to the proper maintenance of New York attorney escrow accounts.

Mercure, J.P., Peters, Spain, Carpinello and Stein, JJ., concur. Ordered that petitioner's motion is denied; and it is further ordered that respondent's suspension from the practice of law is continued for one year from the date of this decision, which suspension is stayed upon the remaining condition set forth in this Court's December 9, 2004 decision; and it is further ordered that within 90 days from the date of this decision, respondent shall provide petitioner with proof of having completed a continuing legal education course as set forth in this decision.