In the Matter of CHERYL PARSONS REUL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [905 NYS2d 289]—

Per Curiam. Respondent was admitted to practice by this Court in 1987. She maintains a law office in the Village of Sharon Springs, Schoharie County.

By decision dated December 9, 2004, respondent was suspended for two years, which suspension was stayed upon condition that respondent provide petitioner with a full accounting of her clients' funds from her closed escrow account, submit to petitioner quarterly reports by a certified public accountant confirming that she is maintaining her new escrow account in accordance with the applicable provisions of the attorney disciplinary rules, and submit proof that she has taken and passed the Multistate Professional Responsibility Examination within the suspension period (*Matter of Reul*, 13 AD3d 800 [2004]). By decision dated November 15, 2007, this Court denied respondent's application to terminate her stayed suspension, without prejudice to renewal in one year (*Matter of Reul*, 45 AD3d 1106 [2007]). Thereafter, by decisions dated July 3, 2008 and December 4, 2008, petitioner's motions to vacate the stay of respondent's suspension were denied (*Matter of Reul*, 57 AD3d 1091 [2008]; *Matter of Reul*, 53 AD3d 771 [2008]).

Petitioner again moves to vacate the stay of respondent's suspension alleging, in part, that respondent did not properly report the existence of a newly established "special escrow ac-

count."* Petitioner was made aware of the existence of this new escrow account by the Lawyers' Fund for Client Protection, which advised of an overdraft in the account. According to respondent, the overdraft was caused by a bank error that resulted in an electronic payment being deducted from the new account instead of her operating account. The new account was not in use at the time and no client moneys were involved. Petitioner advised respondent that the new account was subject to the reporting requirements of this Court's previous orders, and directed her to submit the appropriate accountant's report. Not satisfied with the content of the accountant's report, specifically its failure to state whether or not the account was being properly maintained, petitioner issued a letter of admonition to respondent on April 5, 2010. Prior to issuance of the written admonition, petitioner brought the instant motion, which respondent opposes.

Under the circumstances presented, we conclude that respondent's failure to have timely disclosed the existence of the new escrow account and the inadvertent electronic charge do not warrant her suspension from the practice of law. Likewise, we do not view the accountant's report concerning this account so deficient as to justify suspension. Therefore, we deny petitioner's motion. However, we further conclude that respondent's stayed suspension should be extended for one year from the date of this decision, and that she shall continue to submit, in a timely manner, quarterly accountant reports to petitioner as previously required. Respondent is also reminded of her continuing obligation to not only completely comply with the remaining condition of this Court's December 9, 2004 decision, but to adhere to the rules governing the proper maintenance of attorney escrow accounts (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15).

Cardona, P.J., Mercure, Peters, Spain and Stein, JJ., concur. Ordered that petitioner's motion is denied; and it is further ordered that respondent's suspension from the practice of law is continued for one year from the date of this decision, which suspension is stayed upon the remaining condition set forth in this Court's December 9, 2004 decision and as further stated in this decision.

---

* Respondent established this new account as part of a client's condominium offering plan which was being submitted to the Attorney General for approval. The account was never used in that regard and respondent has since withdrawn as escrow agent.