In the Matter of CHERYL PARSONS REUL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [917 NYS2d 349]—

Per Curiam. Respondent was admitted to practice by this Court in 1987. She maintains an office for the practice law in the Village of Sharon Springs, Schoharie County.

In *Matter of Reul* (13 AD3d 800 [2004]), this Court suspended respondent for two years as a result of various admitted violations of the rules governing the proper maintenance of attorney escrow accounts, including issuing checks against insufficient funds from her escrow account. The suspension was stayed upon various conditions, one of which remains in effect, namely that respondent submit to petitioner quarterly reports by a certified public accountant confirming that she is maintaining her new escrow account in accordance with the applicable provisions of the attorney disciplinary rules.

By decision dated November 15, 2007, this Court denied respondent's application to terminate her stayed suspension, without prejudice to renewal in one year (*Matter of Reul*, 45 AD3d 1106 [2007]). Thereafter, by decisions dated July 3, 2008 and December 4, 2008, we denied petitioner's motions to vacate the stay of respondent's suspension (*Matter of Reul*, 57 AD3d 1091 [2008]; *Matter of Reul*, 53 AD3d 771 [2008]). Most recently, by decision dated June 17, 2010, we denied a third motion by

petitioner to vacate the stay of respondent's suspension, and extended respondent's stayed suspension for one year, until June 17, 2011 (*Matter of Reul*, 74 AD3d 1630 [2010]). In that decision, we admonished respondent regarding "her continuing obligation to not only completely comply with the remaining condition of this Court's December 9, 2004 decision, but to adhere to the rules governing the proper maintenance of attorney escrow accounts (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15)" (*id.* at 1631).

Petitioner now moves for a fourth time to vacate the stay of respondent's suspension based upon respondent having issued several checks from her escrow account against which there were no corresponding deposits. One such check was issued within two weeks of the date of this Court's most recent June 2010 decision. Petitioner's investigation was prompted by an overdraft notice from the Lawyers' Fund for Client Protection regarding respondent's escrow account. Respondent opposes the motion and has been heard.

Under the circumstances presented, and considering the history of respondent's escrow missteps since her stayed suspension in 2004, we grant petitioner's motion and vacate the stay of respondent's suspension.

Cardona, P.J., Peters, Spain and Stein, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law until June 17, 2011, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).