## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 2, 2015                    D-44-15
_____

In the Matter of WILLIAM J.
    McCALLIG,a Suspended Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,
                        Petitioner;          MEMORANDUM AND ORDER

WILLIAM J. McCALLIG,
                        Respondent.

(Attorney Registration No. 4298063)
_____


Calendar Date:   June 15, 2015

Before:   Lahtinen, J.P., Rose, Lynch and Devine, JJ.

_____

    Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for petitioner.

    William J. McCallig, Bradenton, Florida, respondent pro se.

_____

Per Curiam.

    Respondent was admitted to practice by this Court in 2005.
He currently resides in Florida.

    By decision dated December 9, 2010, this Court suspended
respondent from the practice of law for a period of one year,
effective immediately, and until further order of this Court (79
AD3d 1360 [2010]).  His suspension was stayed, however, upon the
conditions that he contact and be evaluated by Lawyers Concerned
for Lawyers, Inc. in Massachusetts or the New York State Bar
Association Lawyers Assistance Program, successfully follow the
program's recommendations and, thereafter, ensure that a report
by Lawyers Concerned for Lawyers, Inc. or the New York State Bar
Association Lawyers Assistance Program be filed with petitioner

every six months during the suspension showing his continuing good faith compliance with the recommendations (id. at 1361). Petitioner now moves to vacate the stay of respondent's suspension and to suspend him from the practice of law. Respondent has cross-moved to terminate his suspension.

We find that petitioner has provided sufficient proof establishing respondent's failure to comply with the conditions of his stayed suspension (see Matter of Morgan, 117 AD3d 1230, 1231 [2014]; Matter of Reul, 81 AD3d 1158, 1159 [2011]). Notably, respondent failed to submit a report to petitioner every six months during his suspension showing his continuing good faith compliance with his treatment recommendations. Nor has respondent offered any reasonable excuse for his failure to comply therewith (compare Matter of Paul, 120 AD3d 1462, 1462 [2014]). Accordingly, we conclude that petitioner's motion should be granted and that respondent should now be suspended from the practice of law for a period of one year (see Matter of Gokhale, 37 AD3d 905, 906 [2007]; Matter of Madison, 294 AD2d 705, 706 [2002]).

Lahtinen, J.P., Rose, Lynch and Devine, JJ., concur.

ORDERED that petitioner's motion is granted and the stay of respondent's suspension is vacated, effective 20 days from the date of this decision; and it is further

ORDERED that respondent's cross motion seeking termination of his suspension is denied; and it is further

ORDERED that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an

attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court