*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                 D-22-16
_____

In the Matter of ERIC
    SCHNEIDER, an Attorney.

COMMITTEE ON PROFESSIONAL                    DECISION AND ORDER
    STANDARDS,                                    ON MOTION
                    Petitioner;

ERIC SCHNEIDER,
                    Respondent.

(Attorney Registration No. 2431633)


_____


Calendar Date:  March 21, 2016

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael K. Creaser of counsel), for petitioner.

        Russell A. Schindler, Kingston, for respondent, and
respondent pro se.

_____


Per Curiam.

        Respondent was admitted to practice by the First Department
in 1991.  He currently maintains an office for the practice of
law in the City of Kingston, Ulster County.

        By decision dated November 25, 2015, this Court suspended
respondent from the practice of law for two years, which
suspension was conditionally stayed (133 AD3d 1191 [2015]).
Petitioner now moves to vacate the stay of respondent's
suspension and to suspend him from the practice of law based
upon, among other things, his failure to file monthly reports

from a mental health provider confirming that he is participating in a mental health program and his failure to file bimonthly reports from his attorney mentors ensuring his continuing compliance with the statutes and rules regulating attorney conduct. Respondent opposes the motion, arguing that he has satisfied every requirement of this Court's suspension order and, to the extent that he failed to file with petitioner a bimonthly report from Lawrence Zimmerman, he interpreted this Court's suspension order as requiring him to file bimonthly reports from only one of the two indicated attorney mentors.

We find that petitioner has provided sufficient proof establishing respondent's failure to fully comply with the conditions of his stayed suspension (see Matter of McCallig, 130 AD3d 1137, 1138 [2015]; Matter of Morgan, 117 AD3d 1230, 1231 [2014]; Matter of Reul, 81 AD3d 1158, 1159 [2011]). Although we acknowledge that respondent commenced certain mental health treatment in November 2015, he failed to file any monthly reports with petitioner confirming such participation, as was specifically required, until March 2016. Nor has respondent offered any reasonable excuse for his failure to comply therewith. Respondent likewise failed to file bimonthly reports from Zimmerman, as was specifically required. Contrary to respondent's assertion, our previous order unequivocally required that he file with petitioner bimonthly reports "from attorney mentors Lawrence A. Zimmerman and Russell A. Schindler" (133 AD3d at 1192 [emphasis added]). Under these circumstances, respondent cannot credibly claim that he fully complied with the conditions of his stayed suspension. Accordingly, we conclude that petitioner's motion should be granted and that respondent should now be suspended from the practice of law for a period of two years (see Matter of McCallig, 130 AD3d at 1138; Matter of Gokhale, 37 AD3d 905, 906 [2007]).

Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that petitioner's motion is granted and the stay of respondent's suspension is vacated, effective 20 days from the date of this decision; and it is further

ORDERED that respondent is suspended from the practice of law for a period of two years, effective 20 days from the date of this decision, and until further order of this Court; and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court