Matter of Shmulsky (2020 NY Slip Op 05125)





Matter of Shmulsky


2020 NY Slip Op 05125


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

PM-123-20

[*1]In the Matter of Alexander Russell Shmulsky, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Alexander Russell Shmulsky, Respondent. (Attorney Registration No. 4743316.)

Calendar Date: August 10, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Alexander Russell Shmulsky, Saratoga Springs, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2009,
and he currently maintains law offices in both Saratoga and Essex Counties. Following an investigation, petitioner commenced this disciplinary proceeding by petition, alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct in connection with his representation of a matrimonial client. The parties now jointly move this Court to sanction respondent for his misconduct upon the parties' consent.
The parties have submitted a joint motion that includes a stipulation of facts, the relevant aggravating and mitigating factors and an agreement that the maximum sanction for respondent's misconduct should be a one-year suspension subject to this Court's discretion (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [i]). As part of the submission, respondent properly provides an affidavit in which he conditionally admits that he utilized an improper retainer agreement that contained a clause stating that his fee was nonrefundable, and failed to set forth any conditions that would allow his matrimonial client to seek a refund of the retainer fee (see Rules of App Div, All Depts [22 NYCRR] §§ 1400.3, 1400.4). Respondent further admits that during his representation of said matrimonial client, he engaged in prohibited sexual relations with his client as defined by Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.0 (u). Consequently, respondent concedes that his admitted misconduct was in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.5 (d) (4) and 1.8 (j) (1) (iii). Finally, respondent's supporting affidavit contains his consent to the imposition of a potential one-year suspension, and notes his awareness of the consequences of consenting to his discipline (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [ii]). Accordingly, we find that the parties have satisfied the procedural requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) and turn to consideration of the appropriate sanction for the admitted misconduct (see Matter of Carey, 165 AD3d 1464, 1464 [2018]; Matter of Hartwich, 156 AD3d 1317, 1318 [2017]).
Turning first to the improper retainer agreement, we note that the rule prohibiting such an arrangement reflects the public policy of protecting a client's right to terminate the attorney-client relationship at any time, which is jeopardized by an agreement that essentially forces a client to forgo that right by means of "economic coercion" (Matter of Cooperman, 83 NY2d 465, 473 [1994]; see Simon's New York Rules of Professional Conduct § 1.5:69 [2019]). We also have considered the rationale for prohibiting attorneys from engaging in sexual conduct with matrimonial clients, which contemplates that "because a sexual relationship between a lawyer and client creates the risk of impairing the professional judgment of the lawyer, and rendering the client unable to make rational decisions related to his or her case, the relationship may be detrimental to the client's interests" (Matter of Raab, 139 AD3d 116, 119 [2016]; see Matter of Bowen, 150 AD2d 905, 908-909 [1989], lv denied 74 NY2d2 610). Underlying the categorical prohibition of such relationships is the understanding that, "[b]ecause domestic relations clients are often emotionally vulnerable, domestic relations matters entail a heightened risk of exploitation of the client" (NY Rules of Professional Conduct with Commentary rule 1.8 Comment [17] [NY St Bar Assn rev June 2018]). These policy considerations underscore the severity of respondent's misconduct in this matter, which involved a vulnerable matrimonial client who was not only emotionally compromised by the inherent nature of the representation, but was also faced with an economic disincentive to terminate the attorney-client relationship. Further, beyond the egregious nature of his admitted misconduct, we also take note of respondent's past history of discipline, which includes a recent admonition for strikingly similar misconduct. Specifically, respondent was admonished in 2017 for the use of an improper retainer agreement and for sending inappropriate sexually-based communications to his then-client.[FN1] The fact that respondent has previously engaged in similar misconduct, and received warning of the impropriety of his actions, is particularly significant to our consideration of the appropriate sanction.
We are mindful of the numerous factors presented by respondent in mitigation, including respondent's stated remorse for his misconduct and the affirmative steps that he has taken to address the personal and emotional issues that played a role in his actions (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c], [l]). Further, we have considered respondent's cooperation with petitioner's investigation and his acceptance of responsibility for his misconduct, as well as the character letters submitted in support of his request for leniency (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e], [g]). Nevertheless, having considered the entirety of factors before us, including the severity of the misconduct and the relevant precedent in this state, we conclude that the appropriate sanction in this case is the maximum term agreed upon by the parties (see Matter of Scudieri, 174 AD3d 168, 173 [2019]; Matter of Aber, 283 AD2d 767, 767-768 [2001]; Matter of Bowen, 150 AD2d at 908-909; see also Matter of Greenberg, 94 AD3d 152, 156 [2012]; Matter of Swedick, 81 AD3d 1033, 1034 [2011]). Accordingly, in order "to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we grant the parties' joint motion, find the misconduct established and suspend respondent from the practice of law for a period of one year.[FN2]
Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of one year, effective October 26, 2020, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: In addition to his admonition, we also note that respondent was issued a letter of caution and a letter of education in 2014.

Footnote 2: Because we have determined that the record contains sensitive information stemming from respondent's treatment with mental health providers, we sua sponte order that those portions of the record be sealed (see generally Matter of Becker, 180 AD3d 1322, 1326 [2020]; Matter of Scudieri, 174 AD3d at 174).