Matter of Molinsek (2022 NY Slip Op 00350)





Matter of Molinsek


2022 NY Slip Op 00350


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

PM-15-22
[*1]In the Matter of Stephen Louis Molinsek, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Stephen Louis Molinsek, Respondent. (Attorney Registration No. 2401313)

Calendar Date:November 1, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Hinckley Allen, Albany (Christopher Fenlon of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1991
and presently lists an Albany County business address with the Office of Court Administration. In March 2021, petitioner commenced this disciplinary proceeding alleging, among other things, that respondent had violated two Rules of Professional Conduct by engaging in conduct that adversely reflects on respondent's fitness as an attorney as the result of him entering into a sexual relationship with a domestic relations client during the course of his representation of said client. Following joinder of issue, the parties now move for this Court to resolve the petition and impose discipline upon respondent by consent by imposing a suspension from the practice of law of no more than six months in duration.
As required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (A), the parties have submitted a stipulation of facts. Consequently, it is undisputed that respondent's actions violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.8 (j) (1) (iii) and 8.4 (h). Respondent has also submitted an affidavit in which he has conditionally admitted the relevant facts and acknowledges that the admitted facts establish that he engaged in the stipulated professional misconduct. Further, respondent consents to the agreed-upon discipline of a suspension from the practice of law of no more than six months, which consent is given freely and voluntarily without coercion or duress. Lastly, respondent attests that he is fully aware of the consequences of consenting to such discipline.
As is required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) (i) (C), the parties also set forth in the joint affirmation the applicable factors to be considered with respect to aggravation and mitigation. In regard to aggravating factors, the affirmation notes, among other things, the emotional vulnerability of the client (see Matter of Shmulsky, 186 AD3d 1878, 1879 [2020]), respondent's substantial experience in the practice of law, his selfish motive in proceeding with the relationship while still representing the client and his demonstrated knowledge of the prohibition of such conduct at the time the relationship commenced (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b], [h], [i]). As for mitigating factors, respondent, among other things, expresses his remorse for his misconduct and poor judgment, the absence of any previous disciplinary history and his full cooperation with petitioner's investigation. Respondent has also provided several character letters in support from various colleagues and clients
Having considered the parties' joint affirmation, the parties' stipulation of facts, respondent's conditional admissions, the parties' summation of aggravating and relevant mitigating circumstances and the recitation of the parties' agreed-upon disciplinary sanction, we grant the joint motion. Moreover, upon review of the stipulated [*2]misconduct and relevant circumstances, we find that, while the charges of professional misconduct are serious, the maximum recommended sanction is appropriate under the circumstances and is not inconsistent with prior precedent (see e.g. Matter of Andrews, ___ AD3d ___, ___, 2021 NY Slip Op 07064, *2 [2021]; Matter of Shmulsky, 186 AD3d at 1880; Matter of Scudieri, 174 AD3d 168, 173 [2019]; Matter of Aber, 283 AD2d 767, 768 [2001]). Accordingly, we hold that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent is suspended from the practice of law for a six-month period, effective 30 days from the date of this decision.
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of six months, effective February 19, 2022, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).