Matter of Reul (2022 NY Slip Op 07127)

Matter of Reul

2022 NY Slip Op 07127

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

PM-216-22
[*1]In the Matter of Cheryl Parsons Reul, Attorney Grievance Committee for the Third Judicial Department, Petitioner; Cheryl Parsons Reul, Respondent. (Attorney Registration No.2113579.)

Calendar Date:October 17, 2022

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Cheryl Parsons Reul, Albany, respondent pro se.

Per Curiam.
Respondent, who resides in the City of Albany, was admitted to practice by this Court in 1987, but has been the subject of several orders by this Court since 2004 in relation to her management of her attorney escrow account (see 81 AD3d 1158 [3d Dept 2011], reinstated 89 AD3d 1318 [3d Dept 2011]; 74 AD3d 1630 [3d Dept 2010]; 57 AD3d 1091 [3d Dept 2008]; 53 AD3d 771 [3d Dept 2008]; 45 AD3d 1106 [3d Dept 2007]; 13 AD3d 800 [3d Dept 2004]). Respondent has attested to being retired from the practice of law on her biennial registration statements since November 2017. By petition of charges marked returnable June 27, 2022, petitioner alleges that respondent has misappropriated funds entrusted to her by a client in connection with a 2016 real estate transaction. Respondent joined issue on June 22, 2022 and, by motion marked returnable October 17, 2022, the parties now jointly move for the imposition of discipline upon respondent by consent, proposing that this Court impose a suspension for her misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]).
The parties have submitted a joint motion that includes a stipulation of facts, the relevant aggravating and mitigating factors and an agreement that the maximum sanction for respondent's misconduct is a suspension for a period not to exceed three years subject to this Court's discretion (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]). As part of the submission, respondent properly provided an affidavit in which she conditionally admits that she commingled and misappropriated client funds in violation Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a) by failing to maintain all of the client's funds in her attorney escrow account from the date of their receipt until the date of the closing, as she withdrew a sum of the funds and placed same into her personal account. Further, respondent conditionally admits that she violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c) by failing to promptly provide the client with the net sale proceeds from the sale until more than two weeks after the closing and that her conduct involves dishonesty, deceit and/or misrepresentations in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c). Finally, respondent has provided the required affidavit in support wherein again she acknowledges the facts underlying her misconduct and freely consents to the discipline, acknowledging that she is fully aware of the consequences in entering into such a stipulation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iii]). Accordingly, it is submitted that the parties' joint submission meets the procedural requirements and we may proceed to determining the appropriate sanction based on the underlying misconduct (see Matter of Shmulsky, 186 AD3d 1878, 1880 [3d Dept 2020]; Matter of Carey, 165 AD3d 1464, 1464 [3d Dept 2018]).
In examining respondent's handling of [*2]the client's funds, it is noted that misappropriating client funds, commingling of a client's funds and failure to promptly pay a client funds owed are serious offenses that warrant the imposition of discipline (see Matter of Outman, 209 AD3d 42, 45 [1st Dept 2022]; Matter of Malyszek, 171 AD3d 1482, 1445-1446 [3d Dept 2019]; Matter of Donohue, 171 AD3d 1295, 1296 [3d Dept 2019]; Matter of McGinty, 52 AD3d 1110, 1111 [3d Dept 2008]). Rule 1.15 implicates a lawyer's role as the client's fiduciary (see Simon's New York Rules of Professional Conduct § 1.15:2 [2021]) and respondent has a substantial disciplinary history before this Court, which includes multiple instances similar to the ones described herein and, as such, we deem it to be a significant aggravating factor (see ABA Standards for Imposing Lawyer Sanctions standards 9.22 [a]). Notably, respondent was previously suspended for two years after she admitted to rule violations including commingling client funds, making cash withdrawals and issuing payments out of her escrow account, and issuing checks against insufficient funds (see 13 AD3d at 800). Respondent also received admonitions, and letters of caution and education for similar conduct underlying this set of charges. Similarly, in aggravation, petitioner also cites respondent's 35 years of legal practice, her dishonest and selfish motive and pattern of misconduct, as evidenced by her prior disciplinary matters (see ABA Standards for Imposing Lawyer Sanctions standards 9.22 [b], [c], [i]).
We are also mindful of the numerous factors presented by respondent in mitigation, including various longstanding health issues, full restitution made to the client and her retirement from the practice of law (see ABA Standards for Imposing Lawyer Sanctions standards 9.32 [d], [g]). Moreover, we have considered respondent's disclosures regarding issues with a client that she alleges compounded her misconduct underlying this proceeding. Nevertheless, having considered the entirety of the factors before us, including the severity of the misconduct, we conclude that the appropriate sanction is the maximum term agreed upon by the parties (see Matter of Shmulsky, 186 AD3d at 1880; Matter of Carey, 165 AD3d at 1465). Accordingly, in order "to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct" (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we grant the parties' motion and suspend respondent from the practice of law for a period of three years.
Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, [*3]for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).