Matter of Moses (2025 NY Slip Op 02639)

Matter of Moses

2025 NY Slip Op 02639

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

PM-105-25
[*1]In the Matter of Bradley John Moses, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Bradley John Moses, Respondent. (Attorney Registration No. 4917555.)

Calendar Date:February 24, 2025

Before:Clark, J.P., Lynch, Fisher, McShan and Mackey, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Lippes Mathias, LLP, Albany (Karl J. Sleight of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2011 and lists a business address in Otsego County with the Office of Court Administration. By notice of petition and petition of charges, petitioner has alleged that, among other misconduct, respondent had engaged in illegal conduct that adversely reflected on his honesty, trustworthiness or fitness as a lawyer. The allegations against respondent were primarily based upon conduct that he engaged in during his campaign for political office. Respondent was heard in answer to the petition, and the parties filed their respective Statements of Disputed/Undisputed Fact. Respondent later sought the appointment of a Referee, which application was granted by this Court, but the parties now jointly move for the imposition of discipline upon respondent by consent. Accordingly, the Referee hearing has been stayed by operation of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iv]), pending our determination of the parties' motion.
Consistent with Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5), the parties have submitted a stipulation of facts and, in his accompanying affidavit, respondent conditionally admits to those facts, as well as to the three violations of the Rules of Prof Conduct (see Rules of Prof Conduct [22 NYCRR 1200] rule 8.4 [b], [c], [h]). Both parties have likewise provided various factors in aggravation and mitigation and are in agreement that a censure is an appropriate sanction for respondent's conduct. Finally, respondent's affidavit includes his acknowledgement that he is fully aware of the consequences in agreeing to an order of censure, and he likewise admits that he submits the affidavit freely, voluntarily and without any coercion or duress (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iii]). Given this, we consider the procedural requirements attendant to motions for discipline by consent satisfied and turn to the assessment of the appropriate sanction based on the underlying conduct (see Matter of Casertino, 227 AD3d 1266, 1267 [3d Dept 2024]; Matter of Shmulsky, 186 AD3d 1878, 1879 [3d Dept 2020]).
While the parties agree to the imposition of a censure, such a sanction must nonetheless be sufficient to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). In aggravation of respondent's misconduct, petitioner cites his illegal conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [k]), which included ingestion of an illegal substance. Likewise, petitioner notes that misleading statements were made to the news media concerning respondent's misconduct, which occurred in the context of respondent's campaign for political office, as well as in his employment as a public employee. Respondent cites many mitigating factors, including his significant efforts to [*2]treat personal issues that he asserts contributed to his misconduct, specifically his active and continued participation in self-help organizations (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [i]), which he notes has permitted him to continue employment, notwithstanding the high public visibility of his misconduct. Respondent also cites his contrition, wherein he accepts full responsibility for his actions (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]), his lack of disciplinary history (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]), his cooperation with petitioner's investigation (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e]) and the reality that his misconduct occurred in a private setting and did not involve the practice of law or affect any clients. Given the totality of the circumstances, we grant the parties' motion and censure respondent (see Matter of Gamalski, 218 AD3d 992, 994 [3d Dept 2023]; Matter of Castelli, 180 AD3d 152, 154 [2d Dept 2020]; Matter of Dowgier, 170 AD3d 1424, 1425 [3d Dept 2019]).[FN1]
Clark, J.P., Lynch, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is censured.

Footnotes

Footnote 1: As we have concluded that the record contains sensitive information concerning respondent's treatment efforts, we sua sponte order that those portions of the record be sealed (see e.g. Matter of Shmulsky, 186 AD3d at 1880, n 2).