[993 NYS2d 895]

In the Matter of ERIC S. VALLEY (Admitted as ERIC STEPHEN VALLEY), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 21, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Eric S. Valley*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Eric S. Valley was admitted to the practice of law in the State of New York by the Second Judicial Department on June 29, 1988, under the name Eric Stephen Valley. Until 1991, he maintained a law office within this Judicial Department. In or about May 1991, he moved to Washington State, where he has been admitted since November 13, 1991, and where he maintains an office for the practice of law.

By order entered May 6, 1999, effective June 7, 1999, this Court suspended respondent for failure to file registration statements and pay biennial registration fees; to date, he has not sought or been granted reinstatement.

In August 2012, respondent entered into a stipulation with the Disciplinary Board of the Washington State Bar Association, admitting to misconduct in connection with two clients' matters, and agreeing to a reprimand. In the first, a dissolution matter, he failed to place advanced legal fees into his attorney trust account as required by Washington Rules of Professional Conduct (RPC) rule 1.15A (c) (2) and to provide the client with an accounting of how said funds were used, as required by Washington RPC rule 1.15A (e). In the second, a custody matter, he failed to provide his client with a copy of her ex-husband's petition seeking to relocate to California with the couple's children; failed to provide her with the proposed parenting plan filed by her ex-husband; and failed to provide his client with a receipt for funds paid to him, or a billing statement for work done and fees incurred, as required by Washington RPC rules 1.4 (a) (3) and 1.5 (b). Based on the stipulation, the Washington State Bar Association issued a formal reprimand on September 24, 2012.

The Departmental Disciplinary Committee now seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline on respondent. In response, respondent submits an affidavit of resignation dated June 2, 2014, and explains that when he moved to Washington State, he did not realize he was required to either resign from the New York bar or maintain his active standing, but rather assumed that his membership would simply lapse; he was unaware of his 1999 suspension. In its reply, the Committee asks that in addition to imposing a public censure, this Court accept respondent's resignation.

In reciprocal discipline matters under 22 NYCRR 603.3 (c), the only defenses that may be raised by the respondent in opposition are: (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Hoffman*, 34 AD3d 1 [2006]). While respondent was afforded due process, and sufficient evidence established his misconduct, we observe that not all of the conduct for which respondent was disciplined in Washington State constitutes violations of parallel provisions in this state. In particular, respondent's violation of Washington RPC rule 1.15A (c) (2) and (e), for failing to place advanced legal fees into his attorney trust account and failing to provide the client with an accounting of how said funds were used, do not establish a disciplinary breach under New York law. The remainder of his misconduct in Washington does, however, state violations of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4 (a) (3) and 1.5 (b).

While it is generally accepted in reciprocal discipline matters that the state where the misconduct occurred has the greatest interest in the sanction imposed (*see Matter of Milchman*, 37 AD3d 77 [2006]), the same does not necessarily hold true where some of the conduct sanctioned in the respondent's home jurisdiction does not constitute a disciplinary violation here.

We conclude that in these circumstances, the petition is best resolved by the acceptance of respondent's resignation. His affidavit of resignation complies with Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, in that he states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware of the complaints of professional misconduct against him, and (3) if charges were brought predicated upon those complaints, he would be unable to successfully defend against them (*see* 22 NYCRR 603.11 [a] [1]-[3]).

Accordingly, respondent's resignation from the practice of law should be accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to June 2, 2014.

FRIEDMAN, J.P., SWEENY, RENWICK, ANDRIAS and SAXE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 2, 2014.