[3 NYS3d 350]

In the Matter of JOHN W. DORRIS (Admitted as JOHN WESLEY DORRIS, III), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 24, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Roberta Nan Kolar* of counsel), for petitioner.

*John W. Dorris*, respondent pro se.

6

OPINION OF THE COURT

Per Curiam.

Respondent John W. Dorris was admitted to the practice of law in the State of New York by the First Judicial Department on November 24, 1997, under the name John Wesley Dorris, III. Respondent maintains a registered office in Arizona where he is also admitted.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline on respondent predicated on discipline imposed in Arizona. Respondent was served with the Committee's petition by first-class mail and certified mail, return receipt requested, but has not submitted a response.

In April 2011, respondent was charged with a misdemeanor in Tucson County Court after having damaged his wife's cell phone during a domestic dispute. Respondent appeared pro se at a pretrial conference at which he entered into an agreement with the prosecutor to participate in their diversion program, following completion of which the charge against respondent would be dismissed. Respondent failed to complete the intake process for the program and failed to appear for at least four pretrial conferences, resulting in the issuance of warrants for his arrest. In May 2012, after failing to appear at five pretrial conferences, respondent completed the diversion program.

Meanwhile, in March 2012, the Magistrate presiding over respondent's criminal case reported his conduct in the matter to the State Bar of Arizona. In June 2013, respondent, represented by counsel, entered into an agreement for discipline by consent with the State Bar in which he, inter alia, waived his right to a hearing on the complaint and waived all defenses, objections, or motions which would have been raised or made in connection therewith. Respondent admitted that his conduct violated Arizona Supreme Court Rules rules 42 and 54 (c) and Arizona Rules of Professional Conduct rule 8.4 (b). He agreed to the imposition of a reprimand, to probation for a period of up to one year, to submit to an assessment and complete any treatment recommended by the State Bar's Member Assistance Program, and to pay the costs and expenses of the disciplinary proceeding. By order of July 2, 2013, the Arizona Supreme Court accepted the parties' proposed agreement for discipline by consent and ordered that respondent be disciplined in accordance therewith.

Respondent was advised of the allegations against him, and, represented by counsel, entered into a stipulation in which he admitted his misconduct; waived his right to a hearing; and agreed to the proposed discipline set forth.

The Arizona Supreme Court's misconduct findings are fully supported by the record. The conduct for which respondent was disciplined in Arizona constitutes misconduct under several provisions of the New York Rules of Professional Conduct (22 NYCRR 1200.0), namely, rules 3.4 (c) (disregard of a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding) and 8.4 (b) (illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer) and (d) (conduct prejudicial to the administration of justice).

A public censure is sufficient discipline and is in accord with this Court's precedent involving similar misconduct (see e.g. *Matter of Knudsen*, 109 AD3d 94 [1st Dept 2013]; *Matter of Jacoby*, 42 AD3d 196 [1st Dept 2007]).

Accordingly, the Committee's petition should be granted, and respondent should be publicly censured pursuant to 22 NYCRR 603.3, in accordance with the discipline imposed in the State of Arizona.

MAZZARELLI, J.P., SWEENY, MOSKOWITZ, DEGRASSE and MANZANET-DANIELS, JJ., concur.

Respondent publicly censured.