Matter of Scudieri (2019 NY Slip Op 04668)





Matter of Scudieri


2019 NY Slip Op 04668


Decided on June 11, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr.,Justice Presiding,
Sallie Manzanet-Daniels
Peter Tom
Barbara R. Kapnick
Peter H. Moulton, Justices.


M—1141, CM-1692

[*1]In the Matter of David G. Scudieri, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, David G. Scudieri, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, George G. Scudieri, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on March 28, 1989.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Denice M. Szekely, of counsel), for petitioner.
Goldberg, Scudieri & Lindenberg, P.C. (Alan J. Goldberg, of counsel), for respondent.



PER CURIAM


Respondent David G. Scudieri was admitted to the practice of law in the State of New York by the Third Judicial Department on March 28, 1989 and at all times relevant herein, has maintained an office for the practice of law within the First Judicial Department.
By a petition of charges dated February 23, 2018, respondent was charged with failing to provide a written retainer agreement in a domestic relations matter (charge 1), engaging in conduct that adversely reflects on his fitness as a lawyer when he exchanged sexually explicit text messages and photographs with a client he was representing in a domestic relations matter (charge 2), and improperly entering into sexual relations with that client during the course of the representation (charge 3), in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.5(d)(5)(ii), 8.4(h), and 1.8(j)(iii), respectively.
Respondent submitted an answer admitting some facts but denying liability; the Attorney Grievance Committee submitted a reply and the parties submitted a joint stipulation of disputed and undisputed facts wherein respondent admitted the conduct underlying charges 1 and 2, but denied liability as to all three charges.
A referee's hearing was conducted on August 28, 2018, at which respondent's former client, Ms. A., and respondent testified, and exhibits were received into evidence. In September 2018, a third witness, a friend of Ms. A., testified, followed by additional testimony by respondent. Thereafter, the parties submitted briefs on liability and the Referee issued a brief report sustaining all three charges.
The Committee then submitted its brief on sanction suggesting a two-year suspension be imposed, and respondent urged a "public admonition" or, at most, a three-month suspension. By a report dated January 28, 2019, the Referee recommended a suspension of 18 months.
Charge 1 alleged that respondent failed to enter into a written retainer agreement in a domestic relations matter in violation of rule 1.5(d)(5). In the parties' joint stipulation of facts, respondent admitted that he failed to execute the required retainer agreement, and during the hearing, he acknowledged that he technically violated the rule, characterizing it as an oversight, since his client lived out of state. However, respondent argued that his failure was unintentional, and since it did not reflect adversely on his fitness, no sanction should be imposed.
With respect to the other charges, in July 2016, respondent was retained by Ms. A. to file a child support modification and to compel the father to sign documents to obtain passports for the minor children. Charge 2 alleged that respondent engaged in a continued pattern of sexting/texting over a period of several months with Ms. A. in violation of rule 8.4(h) (conduct that adversely reflects upon fitness as a lawyer). In the stipulation of facts and at the hearing, respondent admitted that during the representation, over a period of several months, he exchanged texts with his client which contained sexually explicit language and intimate photos. Respondent testified that he was not sure who had initiated the idea of sexting/texting and the exchange of photos, but argued that since these exchanges were consensual, although improper, they did not interfere with his representation, nor did it reflect adversely on his fitness and should not result in a suspension.
While having admitted liability as to charges 1 and 2, respondent vehemently denied liability with respect to charge 3 which alleged that after a court appearance in the child support matter, he and his client Ms. A. went to a stairwell at 111 Centre Street and engaged in physical contact of a sexual nature in violation of rules 1.8(j)(iii) (a lawyer shall not, in domestic relations matters, enter into sexual relations with a client during the course of the lawyer's representation of the client) and 8.4(h).
Ms. A. testified that her initial complaint against respondent sent to the Committee was based upon his inability to obtain a favorable result in her child support matter and his refusal to refund her retainer and, if he had satisfactorily resolved her case, she would not have complained about the texts, photographs and sexual conduct alleged. In fact, her initial complaint did not [*2]mention any claim of sexual contact on March 23, 2017 because it was "more personal," but it did refer to respondent's request for photographs of her. After she received respondent's answer to her complaint, Ms. A. submitted a reply in which she first revealed that respondent "took my money, sex chat me, collected tone (sic) of pictures of my body parts, he had oral sex and he did [a] bad job on my case." She testified that prior to her reply, the only person she told about the stairwell events was her friend.
Respondent admitted that he knew that "having sexual relations with a client...has always been frowned upon in a domestic relations matter" and that engaging in sexual relations with a client could destroy his career.
With respect to charge 2, the Referee noted that respondent admittedly engaged in a "series of sexually tinged texts with Ms. [A.] over an extended period of time and that these exchanges included intimate photographs of each other" but that respondent had also testified that, at the time, he did not think it was wrong or inappropriate. He also admitted that he responded to the complaint without reading all of the document.
The Referee found that charges 1 and 2 were undisputed in that respondent failed to provide a prior client with a written retainer for his domestic relations matter as required, in violation of rule 1.5(d)(5), and that respondent and Ms. A. engaged in a pattern of sexting/texting inappropriate messages and photos over an extended period of time during his representation of her in a domestic relations matter, in violation of rule 8.4(h).
As to charge 3, based on all the testimony and evidence, the Referee determined that Ms. A. and respondent engaged in sexual conduct - albeit brief, consensual and halted by respondent - on March 23, 2017.
In mitigation, respondent "detailed a litany of family strife that impacted him during this period of representation ....includ[ing] an acrimonious divorce, financial woes including the foreclosure on the mortgage of his home and alleged theft of funds from him and his father by his ex-wife"; he "clearly and repeatedly expressed remorse for his conduct and took responsibility for his actions with regard to...the texting of provocative language and photos" underlying charge 2; and in his 29 years of practice his disciplinary history consisted of only two prior Admonitions he received, one in 1997 for the delayed release of settlement funds and one in 1998 for the neglect of an appeal. Respondent also offered a character letter attesting to his diligence and honesty as an adversary.
Regarding sanction, the Committee requested a two-year suspension and respondent suggested a censure, but no more than a three-month suspension. In recommending an 18-month suspension, the Referee wrote:
"A two year suspension has been deemed appropriate in cases where the improper sexual conduct of the attorney was ongoing, or clearly unwelcomed or coercive. The facts underlying Charge 3 confirm that the events of March 23, 2017 were singular, brief and halted by Respondent. And, indeed, on some level welcomed by the client. However, the admitted conduct underlying Charge 2 continued over an extended period of time.
"Both charges stem from situations that took place during the course of representation in a domestic relations matter where the Court must be particularly mindful of the need to protect clients from any improper overreaching' by counsel."
The Committee now seeks an order pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.8-a(t)(4) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(b)(2) confirming the report and recommendation of the Referee to suspend respondent for 18 months.
The Committee notes that there have been no decisions by this Court directly on point [*3]with respect to respondent's conduct underlying charges 2 and 3; however, in Matter of Raab (139 AD3d 116 [1st Dept 2016]), this Court accepted the disciplinary resignation of an attorney, who had engaged in one, isolated and consensual "personal encounter" with his matrimonial client at the time her case was concluding. Raab was publicly reprimanded in Florida, where he practiced, and the Committee brought a reciprocal discipline proceeding seeking a two-year suspension. In finding a violation of rule 1.8(j)(1)(iii), this Court noted that the rule "recognizes that because a sexual relationship between a lawyer and client creates the risk of impairing the professional judgment of the lawyer, and rendering the client unable to make rational decisions related to his or her case, the relationship may be detrimental to the client's interests" (Matter of Raab, 139 AD3d at 119).
By cross motion, respondent seeks an order pursuant to 22 NYCRR 603.8-a(t)(4) disaffirming the report and recommendation of the Referee which sustained charge 3 of the petition and recommended an 18-month suspension. Although he does not suggest a specific sanction for his misconduct underlying charges 1 and 2, he seems to suggest that a suspension would be inappropriate.
It is well settled that the standard of proof in attorney disciplinary proceedings is a fair preponderance of the evidence (see 22 NYCRR 1240.8[b][1]), with the Court of Appeals pointing out that "the privilege to practice law is not a personal or liberty interest, but is more nearly to be classified as a property interest, as to which the higher standard of proof has not been required'" (Matter of Seiffert, 65 NY2d 278, 280 [1985], quoting Matter of Capoccia, 59 NY2d 549, 553 [1983]).
With respect to liability, charges 1 and 2 are no longer in dispute. However, the prime issue with charge 3 depends on the credibility of the witnesses, and we conclude that the findings of the Referee are fully supported by the record. Regarding sanction, the sexting and courthouse sexual encounter here was consensual, isolated in time and arguably would not be considered "overreaching" with respect to Ms. A. However, "respondent's misconduct contravenes New York's strong public policy prohibiting lawyers from engaging in sexual relations with clients in domestic relations matters during the course of their representation" (Matter of Raab, 139 AD3d at 118).
Accordingly, the findings of fact and conclusions of law as found by the Referee are confirmed and respondent is suspended from the practice of law for a period of 18 months. Respondent's cross motion to disaffirm the report and recommendation of the Referee is denied.
By a supplemental notice of motion, the Committee seeks an order sealing the name, address and telephone number of the complainant in charges 2 and 3, as well as the photographs and text messages received into evidence.
In his cross motion, respondent consents to the Committee's request to seal the record.
After reviewing the record, and considering the sensitive nature of the information contained therein, this Court grants the parties' request to the extent of sealing the entire file (see Matter of Scher, 59 AD3d 47 [1st Dept 2008]).
All concur.
Order filed. [June 11, 2019]
The Committee's motion (M-1141) is granted, and the findings of fact and conclusions of law, as found by the Referee, are confirmed and respondent is suspended from the practice of law for a period of eighteen (18) months, effective thirty (30) days from the date hereof, and until further order of this Court. The respondent's cross motion (M-1692) to disaffirm the report and recommendation of the Referee is denied. The Committee's supplemental motion (M-1695) is granted to the extent of sealing the file in its entirety.