Matter of Dorris (2020 NY Slip Op 01312)





Matter of Dorris


2020 NY Slip Op 01312


Decided on February 25, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman, Justice Presiding,
Sallie Manzanet-Daniels
 Judith J. Gische
 Barbara R. Kapnick
Angela M. Mazzarelli, Justices


M-8037

[*1]In the Matter of John Dorris (admitted as John Wesley Dorris, III), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John Dorris, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John Dorris, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 24, 1997.



Jorge Dopico, Chief Attorney, Attorney Grievance
Committee, New York
(Lance E. Philadelphia, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent John Dorris was admitted to the practice of law in the State of New York by the First Judicial Department on November 24, 1997, under the name John Wesley Dorris, III. Respondent maintains a registered address in Arizona, where he is admitted to practice and resides.
By order entered February 24, 2015, this Court publicly censured respondent based on an [*2]agreed to reprimand imposed by the Supreme Court of Arizona for his failure to timely complete the intake process for a diversion program and to appear for at least four pretrial conferences after having been charged with a misdemeanor for damaging his then-wife's cell phone during a domestic dispute (127 AD3d 5 [1st Dept 2015]).
By order dated July 19, 2018, the Supreme Court of Arizona reprimanded respondent for engaging in consensual intimate conduct with a matrimonial client during the course of the representation.
The Attorney Grievance Committee (Committee) seeks an order pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, disciplining respondent predicated upon the discipline imposed by the Supreme Court of Arizona, and suspending him from the practice of law for one year or imposing such sanction as this Court deems appropriate. Respondent accepted service of the motion by mail at his registered address in Arizona, but has not submitted a response.
The facts of this matter are undisputed. On July 16, 2018, respondent, represented by counsel, entered into an agreement for discipline by consent with the Arizona State Bar in which he waived his right to a hearing, admitted to professional misconduct, and consented to public discipline in the form of a reprimand. The parties agreed that "the mitigation far outweigh[ed] the aggravati[on," to wit, respondent's personal or emotional problems involving his profound grief over the death of his fiancée, as a result of which he unwisely engaged in the short-term intimate relationship at issue; the fact that he is now receiving grief counseling; his full cooperation with the disciplinary proceeding; his evidence of good character or reputation via three character letters, and his remorse. The parties agreed that given the mitigation and the unique circumstances, a reprimand, rather than suspension, was the appropriate sanction and respondent consented to the imposition of such. By order and decision dated July 19, 2018, the presiding disciplinary judge for the Supreme Court of Arizona accepted the agreement for discipline by consent in full and reprimanded respondent in accordance therewith.
While respondent has not asserted any of the enumerated defenses, none are available to him. He was advised of the allegation against him and, represented by counsel, entered into an agreement in which he admitted his misconduct, waived his right to a hearing, and consented to the proposed discipline. In addition, the finding of misconduct by the Arizona Supreme Court was fully supported by the record. Further, the misconduct for which respondent was disciplined in Arizona would constitute misconduct in New York in violation of our Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.8(j)(1)(iii) (a lawyer shall not in domestic relations matters enter into sexual relations with a client during the course of the representation).
As a general rule in reciprocal discipline cases, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). While there do not appear to be any cases in which we have imposed a public censure, the equivalent of the reprimand imposed in Arizona, for an attorney engaged in consensual sexual conduct with a matrimonial client during the course of the representation, we find public censure to be an appropriate sanction in this matter, as it not only gives deference to the sanction imposed in Arizona, but also takes into account respondent's significant mitigation, namely, his grief over his fiancée's suicide (which occurred shortly before the time of his misconduct), his admission of the misconduct, the lack of harm to the client (who reconciled with her husband shortly after), his cooperation with the disciplinary authorities, character evidence, and remorse. Further, the Arizona Supreme Court specifically found that the "sexual relationship did not materially affect the representation," and "there was little injury to the client," as evidenced by her withdrawal of the complaint (compare Matter of Raab, 139 AD3d 116 [1st Dept 2016]).
Accordingly, the Committee's motion should be granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, and respondent should be censured.
All concur.
Order filed. [February 25, 2020]
Motion for reciprocal discipline is granted, and respondent is publicly censured pursuant to 22 NYCRR 1240.13.