Matter of Andrews (2021 NY Slip Op 07064)





Matter of Andrews


2021 NY Slip Op 07064


Decided on December 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 16, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Cynthia S. Kern
Angela M. Mazzarelli
Tanya R. Kennedy
Manuel J. Mendez, JJ.


Motion No. 2021-03401 Case No. 2021-03623 

[*1]In the Matter of Bradley H. Andrews, (Admitted as Bradley Hamilton Andrews), an Attorney and Counselor-At Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Bradley H. Andrews, (OCA Atty. Reg. No. 4482782), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 30, 2007.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Bradley H. Andrews was admitted to the practice of law in the State of New York by the First Judicial Department on January 30, 2007 under the name Bradley Hamilton Andrews. Respondent maintains a registered business address within the First Judicial Department.
By order entered December 26, 2019, the Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona (ADPCC) issued an Admonition to respondent for engaging in a sexual relationship with a matrimonial client during the representation.
The Attorney Grievance Committee (Committee) now seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR 1240.13), and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in Arizona and imposing a public censure, or in the alternative, imposing such sanction as the Court deems appropriate. Respondent failed to report his discipline in Arizona as required by 22 NYCRR 1240.13(d) and has not submitted a response to the Committee's motion.
Respondent began representing client B.C. in or about January 2019 in connection with her anticipated divorce from her husband. In mid-February 2019, B.C. made sexual advances towards respondent, who refused them and explained that he could not engage in a sexual relationship with a client during representation. However, on or about February 27, 2019, respondent and B.C. began a sexual relationship. Respondent told B.C. he could not continue representing her, but she requested he continue the representation until a hearing scheduled for March 15, 2019. Their sexual relationship continued and on March 14, 2019, respondent filed a motion to be relieved as B.C.'s counsel. At the March 15, 2019 hearing, the court granted respondent's motion to withdraw after B.C. stated she understood that she would have to represent herself.
The Arizona State Bar (ASB) investigated, found respondent guilty of misconduct and recommended he receive an admonition with two years of probation. When given an opportunity to respond, respondent took no issue with the admonition recommendation but argued that probation was unwarranted. On December 26, 2019, the ADPCC voted 7-1-1 to affirm the ASB's findings. There is no evidence that respondent demanded a formal proceeding to have the disciplinary ruling vacated.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice of an opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. As respondent has not [*2]submitted a response, he has not raised any of the aforementioned defenses.
The motion should be granted because none of the enumerated defenses to reciprocal discipline apply herein. Respondent received notice of the allegations against him; he submitted responses to the ASB's investigative report, which were considered before discipline was imposed; the misconduct findings at issue are sufficiently supported by the record; and the misconduct for which respondent was disciplined in Arizona would constitute misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.7(a)(2), 1.8(j)(1)(iii) and 1.16(b)(1).
Additionally, public censure is the appropriate sanction to impose considering the presence of significant mitigating factors, the absence of aggravating factors and its equivalency to the nonconfidential admonition issued in Arizona. The mitigating factors in this case include respondent's initial rejection of his client's sexual advances due to the conflict posed thereby; the fact that he withdrew from the representation, which was of limited scope, shortly after commencement of their sexual relationship; that there was no evidence of any harm to the client; that he cooperated with both Arizona disciplinary authorities and the Committee; and that he has no prior discipline. Moreover, a sanction of public censure is in general accord with precedent involving arguably comparable misconduct (see Matter of Dorris, 182 AD3d 133 [1st Dept 2020]; Matter of Shaw, 138 AD3d 133 [4th Dept 2016] ).
Accordingly, the Committee's motion for an order imposing a public censure pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 and the doctrine of reciprocal discipline should be granted and respondent is hereby censured.
All concur.
It is ordered that the Committee's motion for reciprocal discipline pursuant to Judiciary Law §?90 (2) and Rules for Attorney Disciplinary Matters (22 NYCRR) §?1240.13 is granted and respondent is publicly censured.
Entered: December 16, 2021