Matter of Sparkman (2021 NY Slip Op 07604)





Matter of Sparkman


2021 NY Slip Op 07604


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

PM-187-21
[*1]In the Matter of Shazia N. Sparkman, an Attorney. (Attorney Registration No. 4246385.)

Calendar Date:November 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Shazia N. Sparkman, Tampa, Florida, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2004
and is also a member of the bar in Florida, where she was admitted in 2005. Between 2012 and 2018, respondent was sanctioned for sustained misconduct on three occasions in Florida. Specifically, respondent was admonished in May 2012 on consent, based upon her admission that she initiated a frivolous action on behalf of her client in violation of Rules Regulating the Florida Bar, rule 4-3.1. In May 2015, respondent was publicly reprimanded, again on consent, for her admitted misconduct in four separate matters that included, among other things, failing to act diligently on behalf of her client, failing to properly communicate with her client and failing to protect confidential client information, all in violation of Rules Regulating the Florida Bar, rules 4-1.3, 4-1.4 and 4-1.6. Finally, in July 2018, respondent was again publicly reprimanded based upon a determination by a referee following a disciplinary hearing that she had failed to properly supervise her nonlawyer office staff in violation of Rules Regulating the Florida Bar, rule 4-5.3 (b) (2) and (3).
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in New York based upon her sustained misconduct in Florida. In response, respondent has submitted an affidavit wherein she does not raise any of her available defenses pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) and, instead, offers several factors in mitigation for this Court's consideration.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." We first note that, due to respondent not raising any of her available defenses, those defenses are waived (see Matter of Hoines, 185 AD3d 1349, 1349 [2020]; see also Matter of Hoover, 196 AD3d 994, 994 [2021]). Nonetheless, we note that respondent's consent to discipline in the first two disciplinary matters, alongside the well-reasoned determination of the referee in her most recent disciplinary matter, establish that she received sufficient due process and that there was sufficient proof to establish her misconduct (see Matter of Winograd, 184 AD3d 1073, 1074 [2020]). Further, we note that respondent's sustained misconduct in Florida would constitute misconduct in this state, as the Florida disciplinary rules contain analogous language to the relevant rules in this state (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [a]; 1.4, 1.6, 3.1, 5.3 [a], [b]; see generally Matter of Powers, 176 AD3d 1468, 1469 [2019]; Matter of Bogard, 149 AD3d 224, 228-229 [2017]). We therefore grant AGC's motion, find the misconduct established and turn to the issue of the appropriate disciplinary sanction.
In doing so, we are mindful of the various factors identified in the three Florida disciplinary orders [*2]that prompted this proceeding (see Matter of Berglund, 183 AD3d 1178, 1179 [2020]). To this end, respondent's misconduct is aggravated by her prior disciplinary history and the fact that the orders underlying AGC's motion encompass multiple instances of misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [d]). Further, although respondent's 2012 admonishment resulted from misconduct that occurred when she was a relatively inexperienced attorney, her later misconduct took place after she had accumulated substantial experience in the practice of law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]). Finally, we must consider that respondent failed to fulfill her obligation to timely report her Florida discipline to AGC and this Court, but we have noted her remorse for forgetting to fulfill that obligation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]; see also Rules of App Div, 3d Dept [22 NYCRR] former § 806.19 [b]).
Conversely, in mitigation, we have considered respondent's sincere remorse for her misconduct and her attestation that she has learned from her mistakes (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]). Further, we note that respondent's good character and reputation were considered in mitigation during the Florida proceedings (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]). To this end, respondent attests to her participation in various charities in her community and her commitment to providing pro bono services. Finally, we note that respondent was dealing with personal issues at the time of her misconduct that led to her more recent public reprimand, and that those circumstances were fairly considered in that proceeding (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c]).
Altogether, we find that a similar sanction to the sanction imposed in Florida is appropriate for the severity of misconduct underlying the sum of her discipline in Florida. Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we censure respondent for her foreign misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.