Matter of Kashani (2024 NY Slip Op 05862)

Matter of Kashani

2024 NY Slip Op 05862

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

PM-226-24
[*1]In the Matter of David Peddy Kashani, an Attorney. (Attorney Registration No. 4519641.)

Calendar Date:October 28, 2024

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Richard M. Maltz PLLC, New York City (Richard M. Maltz of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2007 and has also been admitted in his home state of California, as well as in Massachusetts, Washington and Arizona. Upon his admission to a violation of multiple rules of conduct concerning his representation of two clients, however, respondent was reprimanded by the Supreme Court of Arizona, with a one-year term of probation with conditions additionally imposed. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause initially marked returnable on September 30, 2024, but adjourned upon respondent's request to October 28, 2024, to impose discipline upon respondent in this state as a consequence of his Arizona misconduct. Respondent has been heard in response by his own affidavit and by affirmation of counsel.
Respondent's misconduct in Arizona arises out of his representation of clients in two separate personal injury matters wherein respondent's clients were awarded settlements. In the first matter, respondent received approximately $12,500 on his client's behalf in February 2019 but did not transfer the funds into a trust account until July 2019. Further, despite the client's attempt to gain access to the funds, respondent did not release same until March 2021, and only after the client had filed a complaint with the State Bar of Arizona. Similarly, in the second matter, respondent's client was to receive approximately $2,000 from a matter that was settled in March 2016. Again, despite the client's "countless messages" to respondent, the client did not receive the funds until after a complaint was filed with the State Bar in April 2021. Although respondent attributed these issues to the failure of his former employee to communicate the clients' messages to him, the State Bar's investigation into respondent's trust account revealed that respondent had made several bookkeeping errors — including failing to attribute specific funds to the appropriate client and incorrectly recording transactions, with multiple client accounts having a negative balance. Based on these actions, respondent admitted to several rule violations including failure to act with reasonable diligence and promptness in representing a client, failure to promptly notify and deliver clients funds and failure to exercise due professional care in the performance of the lawyer's duties. The State Bar and respondent presented all of the relevant circumstances, including respondent's lack of disciplinary history and the multiple offenses, in an agreement to the Presiding Disciplinary Judge of the Supreme Court of Arizona, wherein the parties proposed a sanction of a reprimand, with a one-year term of probation with conditions that included the completion of certain continuing legal education credits (see Ariz Rules of the Sup Ct rule 57 [a] [3]-[4]). Thereafter, the Supreme Court of Arizona accepted the parties' agreement and proposed sanction by March 2022 order. AGC [*2]now therefore moves this Court to impose discipline upon respondent based on his Arizona misconduct.
In its affirmation in support of its motion, AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the conduct for which he was sanctioned in Arizona. Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits this Court to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors," but such defenses are limited to a lack of due process, an infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]).
AGC contends that respondent's violation of Arizona Rules of Professional Conduct, Ethics Rule 1.3, which states that an attorney "shall act with reasonable diligence and promptness in representing a client," is likewise a violation of this State's Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3; that Arizona Rules of Professional Conduct, Ethics Rule 1.4, which states that an attorney shall "promptly comply with reasonable requests for information," is violative of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4 (a) (4); and that Arizona Rules of Professional Conduct, Ethics Rule 1.5 (c), which requires an attorney to show remittance to the client in a contingent fee matter, constitutes a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.5 (c). Similarly, AGC contends that, to the extent that Arizona Rules of Professional Conduct, Ethics Rule 1.15 (a) requires an attorney to hold client property separate from personal property, respondent's conduct is also in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). Further, inasmuch as Arizona Rules of Professional Conduct, Ethics Rule 1.15 (d) requires prompt notification and delivery of client funds, and insofar as Arizona Rules of Professional Conduct, Ethics Rule 1.16 (d) requires an attorney to take reasonable steps to protect the client's interest after the termination of representation, AGC avers that respondent's Arizona misconduct also violates Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (c) (1) and (4) and 1.16 (e), respectively. AGC further notes that respondent's violation of Arizona Rules of Professional Conduct, Ethics Rule 5.3 (a), which states that an attorney in a law firm "shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the conduct of nonlawyers engaged in activities assisting lawyers in providing legal services . . . is compatible with the professional obligations of the lawyer[*3]," should also be held to be in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 5.3 (a) and 5.4 (d) (3); that a violation of Arizona Rules of Professional Conduct, Rule 43 (b) (1) (A), which requires an attorney to exercise due professional care, is simultaneously a breach of respondent's obligations under Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.1 (a); and the requirement that an attorney have adequate internal controls within the lawyer's office to safeguard client funds or other property held in trust, simultaneously constitutes a violation of Arizona Rules of Professional Conduct, Rule 43 (b) (1) (C) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c). Finally, AGC notes that respondent's violation of Arizona Rules of Professional Conduct, Rule 43 (b) (2) (A)-(B), which requires a lawyer to maintain a complete record of the handling of funds and other property belonging to a client, is likewise a violation of this State's Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d) and that his conduct in violation of Arizona Rules of Professional Conduct, Rule 43 (b) (2) (C), which requires accurate bookkeeping and safety of client funds, is also in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d) (2). Respondent does not contest these rule violations nor does he present any of the applicable defenses (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Accordingly, we grant AGC's motion, deem the misconduct established and turn our attention to factors in mitigation and aggravation, as well as the ultimate sanction to be imposed.
On that point, we initially note that we are not obliged to impose the same sanction imposed by the foreign jurisdiction (see Matter of Altman, 227 AD3d 1217, 1218-1219 [3d Dept 2024]; Matter of Antoine-Belton, 226 AD3d 1136, 1138 [3d Dept 2024]; Matter of Dorris, 127 AD3d 5, 7 [1st Dept 2015]). As an initial aggravating factor, AGC notes that, although respondent adequately reported his Arizona reprimand to this Court, he failed to report the corresponding Washington and Massachusetts discipline resulting from the same misconduct. Respondent concedes that he did not notify AGC of the reciprocal discipline and attributes his failure to do so with his mistaken belief that such notification would be "duplicative." Respondent nonetheless contends that he believes it is "helpful for New York to know about the additional [r]eprimands because [it] arguably . . . strengthens [his] request for a [c]ensure." AGC also highlights that respondent's misconduct "is aggravated by the fact that he committed multiple offenses against his clients." As to the factors in mitigation, we first note that respondent self-reported the Arizona reprimand to all other jurisdictions in which he was admitted, including this state, and that respondent received a mere reprimand in two of those jurisdictions as a result (see ABA Standards for Imposing Lawyer [*4]Sanctions standard 9.32 [e], [k]). We also highlight the absence of any selfish or dishonest motive in his actions as well as his otherwise unblemished history — factors also considered by the State Bar (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]-[b]). To this end, respondent states that he has taken corrective steps to ensure the misconduct does not reoccur (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]). Finally, we have considered the letters attesting to his good character that tout respondent's dedication to his clients and integrity, and describe him as one who takes his duties and obligations as an attorney very seriously. Ultimately, based on the mitigating factors presented, and in consideration of all the facts and circumstances, we find that a censure is appropriate (see Matter of Mendelsohn, 230 AD3d 943, 946 [3d Dept 2024]; Matter of Sparkman, 200 AD3d 1549, 1551 [3d Dept 2021]; Matter of Shedlick, 171 AD3d 1448, 1450 [3d Dept 2019]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.